IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dion O. Taylor, ) | C/A No. 0:14-2032-TMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Warden Allendale Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

  Petitioner Dion O. Taylor ("Taylor"), a self-represented state prisoner, filed a petition for a writ of habeas corpus. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion to dismiss for lack of subject matter jurisdiction. (ECF No. 13.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Taylor was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 14.) Taylor filed a response in opposition. (ECF No. 20.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion to dismiss should be denied.

## BACKGROUND

  Taylor filed his Petition on the standard form used by prisoners to seek relief from a state sentence or conviction under 28 U.S.C. § 2254. (ECF No. 1.) The Petition alleged due process violations associated with a prison disciplinary conviction on April 25, 2013 for threatening to inflict harm on a prison employee. (Id.) Taylor indicated that the conviction resulted in a one-year period of segregated confinement, the loss of credits for good conduct, and the loss of other privileges. (Id.

at 1, 14.) Taylor asserted exhaustion of administrative remedies through the South Carolina Administrative Law Court. (Id. at 5.)

Because the Petition challenged the execution of Taylor's sentence, rather than the underlying state conviction and/or sentence, the court issued an order advising Taylor that his case would be construed as one filed pursuant to 28 U.S.C. § 2241. (ECF No. 6.) The order provided Taylor an opportunity to contest such recharacterization and further directed Taylor to submit his claims on the standard form used to seek habeas relief under § 2241. (Id. at 2.) Taylor did not object to the recharacterization of his Petition and submitted an Amended Petition to the court.[1] (ECF No. 8.) On July 21, 2014 the court issued an order: (1) construing the Amended Petition as one filed pursuant to § 2241; (2) authorizing service of process; and (3) directing the respondent to file an answer or response. (ECF No. 11.)

## DISCUSSION

**A.     Rule 12(b)(1) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the pleading fails to state facts upon which jurisdiction can be founded. It is the petitioner's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

---

[1] To give liberal construction to the pleadings and to preserve issues raised in the case, the Petition has been appended as an attachment to the Amended Petition.



**B.    Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  However, circuit courts are split regarding whether a state prisoner should proceed under 28 U.S.C. § 2241 or 28 U.S.C. § 2254 when challenging the execution of a state sentence.[2]  Compare White v. Lambert, 370 F.3d 1002, 1005 n.1 (9th Cir. 2004) (adopting and discussing the majority view which holds that § 2254 is the exclusive vehicle for a state prisoner seeking habeas corpus relief, even when the underlying conviction is not being challenged), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010), with Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (allowing a prisoner to challenge the execution of a state sentence under § 2241).  The United States Court of Appeals for the Fourth Circuit has acknowledged the split of authority, but does not appear to have taken a definitive stance regarding the issue to date.  See Gregory v. Coleman, 218 F. App'x 266, 267 (4th Cir. 2007) (noting the majority view and acknowledging that the district court's order construing the petitioner's § 2241 petition as an untimely filed § 2254 petition was a "debatable" procedural ruling); see also Waddell v. Dep't of Corr., 680 F.3d 384, 386 n.1 (4th Cir. 2012) (analyzing sentence calculation claim under § 2254, without discussion of split).

**C.    Discussion**

The respondent argues that this court lacks jurisdiction over Taylor's § 2241 Amended Petition and should dismiss this case because, under the majority view, a state prisoner's challenge

---

[2] "Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." Clemmons v. South Carolina, C/A No. 0:08-607-RBH, 2008 WL 2845636, at *1 (D.S.C. July 18, 2008).



to the execution of a state imposed sentence is cognizable only under § 2254. (See Respt.'s Mem. Supp. Mot. to Dismiss at 2, ECF No. 13-1 at 2.) The respondent asserts that the majority of judges within this judicial district have adopted the majority view and cites cases in support of this position. (Id. at 2, 4-6.)

In his response in opposition to the respondent's motion, Taylor argues in favor of this court's jurisdiction over his § 2241 Amended Petition. (Petr.'s Resp. Opp'n at 4, ECF No. 20 at 4.) Taylor further argues that the court should "allow the judgment of the relief of the 'Great Writ,' even if by the more stringent section 2254 standard, if deemed appropriate." (Id.) Taylor indicates that he was not aware that the court's recharacterization of the action as one brought pursuant to § 2241 could subject the case to dismissal for lack of federal jurisdiction. (Id.) Taylor further asserts that he is not "in any way" attempting to "purposely circumvent the requirements of habeas corpus." (Id.)

The issue of whether § 2241 or § 2254 is the proper procedural vehicle for Taylor to challenge his prison disciplinary proceeding and conviction remains an open question in this circuit. Moreover, while some judges within this district have adopted the majority view, others have not. Compare, e.g., Lisenby v. Cartledge, C/A No. 5:14-1546-DCN, 2015 WL 1146497, at *3 (D.S.C. Mar. 23, 2015) (adopting report and recommendation for summary judgment in favor of the respondent and recharacterizing a state prisoner's § 2241 petition challenging a disciplinary conviction and loss of good conduct credit as one brought pursuant to § 2254); with Eaddy v. Pate, C/A No. 5:13-2932-RBH, 2015 WL 727941, at *5 n.3 (D.S.C. Feb. 19, 2015) (adopting report and recommendation finding the state prisoner's § 2241 sentence calculation claim unexhausted and noting that "challenges to prison disciplinary actions and calculations of good time credits may be petitioned under § 2241, [however,] some authority provides that state prisoners who seek federal

habeas relief must proceed under § 2254") (internal quotation marks and citation omitted).[3]  But no authority suggests that this procedural puzzle implicates the court's subject matter jurisdiction. Under the majority view, Taylor's claims would be cognizable under § 2254, even if the court were to agree that Taylor's Amended Petition has been improperly construed as more appropriately brought under § 2241.  As the respondent has failed to demonstrate that the court lacks jurisdiction over Taylor's petition for a writ of habeas corpus, the court concludes that the respondent should be required to address the merits of Taylor's grounds for habeas relief, regardless of how the petition is characterized.[4]

---

[3] The court notes that an earlier order issued in Eaddy v. Pate, C/A No. 5:13-2932-RBH-KDW, 2014 WL 368649, at *5 (D.S.C. Feb. 3, 2014), adopted and incorporated a report and recommendation for summary judgment in favor of the respondent on all claims except Eaddy's sentence calculation claim.  After a discussion of the circuit split regarding whether a state prisoner's sentence-execution type claim is cognizable under § 2241 or § 2254, the court found that Eaddy's sentence calculation claim could be considered under § 2254. Id.  However, as indicated above, the court subsequently determined Eaddy's sentence calculation claim to be unexhausted under § 2241.

[4] Courts have recognized that the characterization of a habeas petition under § 2241 or § 2254 can have dispositive significance, or be inconsequential to the result.  See Hillberry v. Ballard, C/A No. 2:13-21893, 2014 WL 7161012, at *5-6 (S.D. W. Va. Dec. 15, 2014) (adopting proposed findings and recommendations analyzing a petitioner's challenge to administrative segregation under § 2241 and declining to determine whether § 2241 or § 2254 is the appropriate procedural vehicle in that case because it did not present a dispositive issue).  As the sole issue in the respondent's motion to dismiss concerns federal jurisdiction over this matter, the court does not reach an analysis regarding whether the disposition of Taylor's claims in the Amended Petition depends on its characterization.



## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion to dismiss for lack of subject matter jurisdiction (ECF No. 13) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 26, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).