IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dion O. Taylor, ) | C/A No. 0:14-2032-TMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, Allendale Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Dion O. Taylor ("Taylor"), a self-represented state prisoner, filed a petition for a writ of habeas corpus. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's second motion to dismiss. (ECF No. 33.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Taylor was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 34.) Taylor filed a response in opposition. (ECF No. 42.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion to dismiss should be granted.

**BACKGROUND**

Taylor filed his Petition on the standard form used by prisoners to seek relief from a state sentence or conviction under 28 U.S.C. § 2254. (ECF No. 1.) The Petition alleged due process violations associated with a prison disciplinary conviction for threatening to inflict harm on a prison employee. (Id.) Taylor indicated that the conviction resulted in a one-year period of segregated confinement, the loss of good conduct time credits, and the loss of other privileges. (Id. at 1, 14.) Because Taylor's Petition challenged the execution of his sentence, rather than the underlying state conviction and/or sentence, the court issued an order advising Taylor that his case would be

construed as one filed pursuant to 28 U.S.C. § 2241. (ECF No. 6.) The order provided Taylor an opportunity to contest such recharacterization and further directed Taylor to submit his claims on the standard form used to seek habeas relief under § 2241. (Id. at 2.) Taylor did not object to the recharacterization of his Petition and submitted an Amended Petition filed pursuant to § 2241 to the court.[1] (ECF No. 8.)

Records submitted in this case reflect that Taylor was convicted of "Charge: 809–Threatening to Inflict Harm on/Assaulting an Employee and/or Members of the Public" at a disciplinary hearing conducted at Allendale Correctional Institution on April 25, 2013. (ECF Nos. 20-2 at 1 & 33-2 at 1.) Taylor was sanctioned to the loss of canteen, phone, and visitation privileges for 180 days, the loss of 15 days of good conduct time credit, and 360 days of disciplinary detention. (Id. at 7.) Taylor filed a Step One inmate grievance form on May 17, 2013 and a Step Two grievance on May 30, 2013. (ECF Nos. 33-5 at 1 & 33-6 at 1.) The South Carolina Department of Corrections ("SCDC") issued its final decision denying Taylor's Step Two grievance on September 11, 2013. (ECF No. 33-6 at 1.) Taylor appealed SCDC's denial of his grievance to the South Carolina Administrative Law Court, which issued an order affirming SCDC's final agency action on March 10, 2014. (ECF Nos. 20-4 at 1-9 & 33-7 at 1-9.) Taylor filed a notice of appeal with the South Carolina Court of Appeals. However, that court dismissed Taylor's appeal by an order filed on May 5, 2014 due to Taylor's failure "to timely serve the Administrative Law Court with the notice of appeal, as required by Rule 203 of the South Carolina Appellate Court Rules." (ECF No. 33-8 at 1.) The South Carolina Court of Appeals issued a remittitur on May 22, 2014. (ECF No. 33-9 at 1.) This action followed.

---

[1] To give liberal construction to the pleadings and to preserve issues raised in the case, the Petition has been appended as an attachment to the Amended Petition.



**FEDERAL HABEAS ISSUES**

Taylor's federal Amended Petition for a writ of habeas corpus raises the following issues:

**Ground One:** Due Process violation (no requested witness), inadequate service of charge - (substantive) - (no documented reason for denial of witness) (& procedural)
**Supporting Facts:** Petitioner submitted timely request, (ie more than 24 hours before hearing) to have witness present. Petitioner chose not to have counsel (sub). SCDC Policy doesn't require that prisoner must have representation from sub. counsel to submit request for witness. Record shows Petitioner claiming of not receiving witness statement in favor of accuser, no written reason documented for not having witness present, but did so orally. (Denied witness witnessed accusers behavior (harassing etc)

**Ground Two:** Due Process (Adjudicator not Impartial. Arbitrary & Capricious in function & Result
**Supporting Facts:** 'DHO' Ignored claim that prisoner was assaulted by Accuser on multiple occasions, allows in corroborating witness statement that Petitioner states he wasn't served with w/ charge, that prisoner wasn't medicated w/ his psychotropic meds was moved, actual innocence possibility not realized due to described actions by 'DHO' (Allows in evidence corroborating Accuser statement that Petitioner wasn't served with charge

**Ground Three:** Deliberate Indifference
**Supporting Facts:** Petitioner diagnosed w/ several M.H. diagnoses, 3 ½ weeks prior to & at time of incident, he was not medicated due to adverse side effects M.H. counselor never questioned potential Petitioner witness, which is part of the acct. finding prerequisite, in situation not in compliance w/ policy or const. requirements; staff should make decision on acct., not done M.H. counselor knew not medicated & reasons not, but still found accountable, records of Petitioner M.H. belies this (finding.)

(Am. Pet., ECF No. 8) (errors in original).

**DISCUSSION**

**A.     Applicable Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint or petition. <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v.</u>



Twombly, 550 U.S. 544, 555 (2007). The "[pleading] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint or petition. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B.     Exhaustion Requirement**

As indicated in the court's prior Report and Recommendation and Order, the court has construed and analyzed the instant Amended Petition as one brought pursuant to § 2241. Although the exhaustion provisions codified under § 2254 are not contained in § 2241, a state prisoner seeking federal habeas relief under § 2241 must first exhaust any state court remedies that may be available. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490-91 (1973) (stating that exhaustion is also required under § 2241); Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973) (holding that the exhaustion requirement "applies to all habeas actions"). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), overruled on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v.

Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers." Fain, 488 F.2d at 224 (discussing Braden, 410 U.S. 484).

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the South Carolina Administrative Law Court. See Al-Shabazz v. State of South Carolina, 527 S.E.2d 742, 750 (S.C. 2000); see also Slezak v. South Carolina Dep't of Corr., 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations where an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status. Sullivan v. South Carolina Dep't of Corr., 586 S.E.2d 124, 126 (S.C. 2003); Al-Shabazz, 527 S.E.2d at 750. Pursuant to the South Carolina Administrative Procedures Act ("APA") and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. See S.C. Code Ann. § 1-23-610; Rule 242, SCACR. Accordingly, Taylor's exhaustion of state remedies begins with the administrative grievance procedure of SCDC and review by the South Carolina Administrative Law Court as outlined in Al-Shabazz, with appeal to the state appellate courts. Al-Shabazz, 527 S.E.2d

at 752-57 (discussing the application of the APA and the review process); Rule 203(b)(6), SCACR; see also S.C. Code Ann. § 1-23-610(A)(1).[2]

Where a federal habeas petitioner fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, the petitioner has procedurally bypassed or defaulted his opportunity for relief in the state court. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. See Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012) (discussing "the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule"); Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C.     Respondent's Motion**

In this case, the respondent argues that the Amended Petition should be dismissed for Taylor's failure to exhaust his state court remedies. (Mem. Supp. Second Mot. Dismiss, ECF No.

---

[2] This procedure, which applies for most § 2241 issues, is in contrast to habeas corpus issues that are appropriately raised under 28 U.S.C. § 2254, which will generally commence in circuit court pursuant to the post-conviction relief ("PCR) statutes with appeal pursuant to the corresponding appellate court rules. See generally S.C. Code Ann. §§ 17-27-10 et seq.; Rule 243, SCACR. Moreover, the procedure to exhaust *state* remedies for habeas corpus issues should not be confused with the Prison Litigation Reform Act's requirement to exhaust *administrative* remedies before filing a civil rights lawsuit challenging prison conditions. See 42 U.S.C. § 1997e(a).



33-1 at 4-6.) Taylor's response in opposition to the respondent's motion to dismiss first argues that his failure to exhaust state remedies cannot be used as a defense by the respondent because this issue was not raised in the first motion to dismiss. (Petr.'s Resp. Opp'n at 2-3, ECF No. 42 at 2-3.) However, "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3); see also Strickland v. Lee, 471 F. Supp. 2d 557, 569 (W.D.N.C. 2007) (holding that respondent's erroneous statement in its answer that petitioner exhausted state remedies did not constitute an express waiver of the exhaustion requirement). In this case, respondent's first motion to dismiss challenged whether Petitioner's claim was cognizable under § 2241. (Mem. Supp. First Mot. Dismiss, ECF No. 13-1.) That motion contained no express waiver of the exhaustion requirement. (Id.)

      Taylor's response in opposition does not refute the respondent's contention that Taylor failed to comply with Rule 203(b)(6) of the South Carolina Appellate Court Rules when appealing the South Carolina Administrative Law Court's decision. (Petr.'s Resp. Opp'n at 2-3, ECF No. 42 at 2-3.) Instead, Taylor incorrectly asserts that exhaustion is not required under § 2241. (Id.) Taylor further argues that state court review of the Administrative Law Court decision would prove futile because he "is not represented by counsel & higher court would likely espouse the Court[']s decision." (Id. at 2.) Although Taylor availed himself of the administrative steps by filing grievances regarding the execution of his sentence with SCDC and appealing the denial of those grievances to the Administrative Law Court, the respondent has shown that Taylor failed to properly present the habeas issues discussed in the instant Amended Petition to the South Carolina Court of Appeals. Accordingly, the court concludes that Taylor failed to exhaust his state remedies as required by controlling law.



As indicated above, a petitioner's failure to exhaust state remedies, when such remedies would be procedurally barred under state law, may be excused only when the petitioner establishes cause and prejudice or demonstrates that failure to consider his claims will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. Taylor does not assert that any external factor hindered his compliance with the state procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986) ("Instead, we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [] efforts to comply with the State's procedural rule."). Moreover, to the extent Taylor may be alleging a misunderstanding of the state court appellate rules, ignorance of the law cannot constitute cause. Coleman, 501 U.S. at 753 (stating that " 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him") (emphasis in original); Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991) (stating that a party's *pro se* status or ignorance of the law do not constitute cause). Accordingly, Taylor fails to establish cause and prejudice associated with his failure to exhaust state remedies, or demonstrate that a fundamental miscarriage of justice will occur if this court fails to consider his claims.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion to dismiss (ECF No. 33) be granted and Taylor's Amended Petition denied.

August 26, 2015  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).